[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11655
Non-Argument Calendar

_____

D. C. Docket No. 08-00387-CR-T-26EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY TAD SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 17, 2009)

Before TJOFLAT, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

Timothy Tad Smith appeals his convictions for receiving and possessing

unregistered firearms, in violation of 26 U.S.C. §§ 5861(d) and 5871, and manufacturing unregistered firearms, in violation of §§ 5861(f) and 5871. On appeal, Smith argues that Willie Edom, a deputy with the Hillsborough County Sheriff's Office, violated his Fourth Amendment rights by engaging in a warrantless search of his storage unit, which was based on Edom's erroneous legal conclusions that the storage facility manager had authority to consent to the search. He contends that, because Edom's search was illegal, his subsequent consent to another search and statements to police were tainted and should have been suppressed.

We review a district court's denial of a defendant's motion to suppress under a mixed standard of review, reviewing the district court's "findings of fact for clear error and its application of law to those facts de novo." United States v. Mercer, 541 F.3d 1070, 1073-74 (11th Cir. 2008), cert. denied 129 S.Ct. 954 (2009). The district court's factual findings are construed in the light most favorable to the prevailing party. Id. at 1074.

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. A search pursuant to voluntary consent does not violate the Fourth Amendment's prohibition on

2

warrantless searches.  Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043-44, 36 L.Ed.2d 854 (1973).  Consent to search may be provided by a third party who possesses common authority over the premises for most purposes, so that it is reasonable to recognize that the third party has the right to permit inspection and others have assumed the risk that the third party might allow the area to be searched.  United States v. Matlock, 415 U.S. 164, 171 n.7, 94 S.Ct. 988, 993 n.7, 39 L.Ed.2d 242 (1974).  A defendant can knowingly and voluntarily contractually agree to allow third parties to enter  a space where the defendant has an expectation of privacy.  See United States v. Griffin, 555 F.2d 1323, 1324-25 (5th Cir. 1977) (holding that a warrantless search of pharmacy records was reasonable where the defendant "agreed by contract to maintain records of the prescriptions which he billed to the state and to make these records available for inspection at any time").

The district court did not err in denying Smith's motion to suppress because Smith's rental agreement gave the storage facility manager actual authority over Smith's storage unit in certain circumstance, and provided that the owner's agents and other representatives, including police, could enter his storage unit in order to make repairs to, and ensure the safety and preservation of, the unit.  Once the facility manager observed water coming from the storage unit, which breached the

3

terms of the rental agreement, he had actual authority to open the unit, and when he observed AK-47 firearms within the unit, which also breached the terms of the rental agreement, he had actual authority to consent to a search by police. Because Edom's search was not in violation of the Fourth Amendment, Smith's consent to a subsequent search, as well as his statements to police were not tainted by an illegal search. Accordingly, upon review of the record and consideration of the parties' briefs, we affirm the district court's denial of Smith's motion to suppress.

**AFFIRMED.**